UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

KRISTIL WILLIAM MEEHAN,
             *Defendant-Appellant.*

No. 00-4237

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

ANTONY RICHARD HUSBANDS, a/k/a
Tony Lnu,
             *Defendant-Appellant.*

No. 00-4241

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-235)

Submitted: October 31, 2000

Decided: November 20, 2000

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————————————————————————

Affirmed by unpublished per curiam opinion.

———————————————————————————

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina; Charles D. Lucky, BLANCO, TACKABERRY, COMBS & MATAMOROS, P.A., Winston-Salem, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kristil William Meehan and Antony Richard Husbands were convicted pursuant to their guilty pleas of bribing a bank official. On appeal, they allege that the district court erred by failing to reduce their base offense levels by three levels pursuant to USSG § 2X1.1.[1] Finding no error, we affirm.

The basic facts of this case are relatively straightforward and undisputed. Meehan established a rapport with a male teller at a branch of First Union National Bank, and the two exchanged pager numbers in anticipation of a future meeting. Meehan contacted the teller the next day and stated that she wanted to meet him for personal reasons.[2] When the teller arrived at the specified location, Meehan introduced him to Husbands. Husbands told the teller that he was looking for

---

[1] *U.S. Sentencing Guidelines Manual* (1998). This section allows for a three-level reduction for conspiracies, attempts, and solicitations where the substantive offense was not completed and the offense is not covered by another guideline section.

[2] The teller testified that he thought Meehan was interested in a romantic relationship.

someone at a bank who would supply him with account numbers he could use to cash fraudulent checks. Husbands explained what he was looking for in each account and offered the teller $2000 per account. The teller said that he would be interested in the scheme, and the parties agreed to meet again to discuss the specifics.

The teller reported the encounter to his superiors at the bank the next day, and he agreed to cooperate with the police. The teller met with Appellants twice more to firm up the details of the scheme. Appellants planned to defraud the bank out of approximately $180,000, and the teller would be paid a total of $25,000 for his services ($2000 each for ten account numbers and $5000 because the people cashing the checks would not need false identification if the teller handled the transactions). At one meeting, Husbands showed the teller a sample fraudulent check. Appellants were arrested before any checks were made or cashed.

We review the district court's application of a guideline provision de novo, and the factual findings underlying the guideline application are reviewed for clear error. *See United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). Appellants argue that the offense of conviction, when viewed in connection with a larger scheme to defraud, is analogous to an attempt under USSG § 2X1.1(b)(1). They further claim that cross referencing the applicable sections of the guidelines supports their position. We disagree.

There is nothing in the statute even mentioning "attempts," nor do Appellants cite any cases which have made the same analogy. To the contrary, the crime of offering a bribe to a bank official "is completed when a defendant expresses an ability and a desire to pay the bribe." *United States v. Rasco*, 853 F.2d 501, 505 (7th Cir. 1988). Here, the record supports the district court's finding that the Appellants showed the necessary ability and desire when they offered the teller $25,000 for his part in the scheme. Because Appellants were convicted of a completed substantive offense, rather than an incomplete conspiracy or attempt, USSG § 2X1.1, by its plain and unambiguous terms, does not apply.[3] *See United States v. Williams*, 81 F.3d 1321, 1327-28 (4th Cir. 1996).

---

[3]Appellants' position is based on a misunderstanding of the guidelines. The guideline applicable to the offense of conviction, USSG § 2B4.1,

We therefore affirm Meehan's and Husbands' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

allows the sentencing court to calculate the base offense level using the greater of the value of the bribe (here, $25,000) or the value of the benefit to be conferred ($180,000). The loss table in USSG § 2F1.1 is used to determine the proper enhancement. Appellants rely on USSG § 2F1.1, comment. (nn.8,10), to make a bridge to USSG § 2X1.1. However, these application notes expressly apply only in cases where there is an incomplete offense. More importantly, the instruction to use the table in USSG § 2F1.1 applies only to the table, not the entire guideline. *See* USSG § 1B1.5(b)(2).